**DORSEY ET AL. *vs.* SMITH ET AL.**

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Owners of vessels are responsible for goods stowed on deck, unless such stowage is authorized by the consent of the shipper or by custom.

The petition set forth that the plaintiffs shipped on board a vessel belonging to the defendants one hundred and forty-nine barrels of whisky, to be delivered to their consignee at Mobile. That, through carelessness, forty-one barrels were lost overboard, and to recover the value of which, the present action was brought. The answer admitted the shipment and loss; but averred that the latter was occasioned by the perils of the sea, and not through negligence or carelessness of the master. It appeared from the evidence, that part of the whisky was stowed on deck, and a part under, and that in a gale of wind forty-one barrels were washed overboard and lost. The defendants further showed, that the plaintiffs were aware that part of the whisky would be stowed on deck, to which they made no objection; and they further proved that it was usual and customary in the trade to stow such articles on deck. There was judgement for the defendants and the plaintiffs appealed.

*Hennen*, for appellants, made the following points:

1. The general rule of law is, that goods to form part of the cargo of a vessel must be stowed under deck. 4 *Martin's Rep.* 582. *Hampton* vs. *Brig Thaddeus.*

2. No usage to the contrary of this general rule has been proved. Custom or usage, (defined by *L. C. art.* 3, and *Old Code, p.* 2, *art.* 3,) must be taken in connexion with 1 *Partida, tit.* 2, particularly *law* 5; and the proof there required must be given.

3. According to no system of law has the usage contended for by the defendants been proved. *Partida,* 1 *tit.* 2, *law* 5. 3 *Justinian's Code, lib.* 8, *tit.* 53. 1 *Blackstone's Com.* 76, 59.

*Strawbridge, contra.*

PORTER, J., delivered the opinion of the court.

This is an action to recover the value of goods shipped on board a vessel belonging to the defendants, on a voyage from New-Orleans to Mobile, by the way of the river. The goods consisted of whisky, part of which was stowed on deck and a part under. Those on deck were washed overboard during the voyage and lost, in consequence of tempestuous weather.

Owners of vessels are responsible for goods stowed on deck, unless such stowage is authorized by the consent of the shipper, or by custom.

The rule is well settled that owners of vessels are responsible for goods stowed on deck, unless such stowage is authorized by the consent of the shipper, or by custom. 3 *Con. Rep.* 9. 1 *Caines*, 43. *Story's Abbott*, 354.

In this case, exemption is claimed for the owners on both grounds, and the judge below thought the evidence on both to be in favor of the defendants. The proof is contradictory and far from conclusive; but we are unable to say the court erred. Whether the consent of the plaintiff was proved or not, depends much on the credit due to the testimony of one of the witnesses. The judge who saw him and heard him, believed him, and his evidence has been rather corroborated than contradicted by the circumstances attending the transaction.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.